UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AQUENT, LLC.,

    Plaintiff,

vs.     Case No. 08-15275

UNITED STATES OF AMERICA,     HON. AVERN COHN
et al.,

    Defendants.

_____/

**MEMORANDUM AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST**
**DEFENDANT MICHAEL PORATH (Doc. 54)**
**AND**
**CLOSING CASE**[1]

I.

This is essentially a collection action. Aquent, LLC ("Aquent") sued several defendants in state court, making claims arising out of defendant Michigan Gage Manufacturing's ("MGM") failure to pay an obligation owed to a third party which was later assigned to Aquent. One of the defendants was the government by virtue of a tax lien against MGM's property. As a result of the tax lien, the government removed the case to federal court. Aquent eventually obtained a default judgment against MGM in the amount of $3,198,001.12, plus post-judgment interest. Doc. 50. Following consent

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

orders of dismissal,[2] the sole remaining defendant is Michael Porath ("Porath"), a guarantor of MGM's obligations.

Before the Court is Aquent's motion for summary judgment against Porath, filed on November 30, 2010. To date, Porath has not responded to the motion.[3] Aquent seeks a judgment against Porath in the amount of $3,201,076.46, the amount due and owing as of the date it filed its motion. For the reasons that follow, the motion will be granted.

## II.

Aquent is a limited liability company that provides accounts receivable financing to small and medium-sized businesses. On January 8, 2008, Aquent entered into an agreement with Business Funding Associates, LLC (BFA) in which Aquent agreed to provide financial support to BFA. In exchange, BFA assigned certain account receivables from its clients to Aquent under an Assignment and Assumption Agreement. Included in the assignment was an account receivable from MGM. Porath, the President of MGM, had executed a Continuing Guaranty in connection with MGM's indebtedness. Under the Continuing Guaranty, attached to Aquent's motion, Porath

---

[2]On May 29, 2009, defendants Michigan Department of Transportation and JP Morgan Chase were dismissed. Docs. 13, 14. On June 15, 2009, Utica Leasco LLC and Bell Fork Lift, Inc. were dismissed. Doc. 16. On October 4, 2010, Mary Dobday was dismissed. Doc. 52. On December 13, 2010, the Sinacola Group, Ltd. And Michigan Gage Technologies were dismissed. Doc. 57. On January 5 2011, the United States, Hartsko Financial Services, LLC and Prestige Capital Corporation were dismissed. Doc. 61. Finally, on February 2, 2011, Richard Mast was dismissed. Doc. 63.

[3]On January 5, 2011, Aquent filed a Notice of Agreement for Extension of Time to File Response to Pending Motions for Summary Judgment, giving Porath until January 14, 2011 to file a response. Doc. 60. Porath did not file a response.

guaranteed the "full and prompt payment" to BFA of "all indebtedness and liabilities of every kind and nature" of MGM arising from the agreement between BFA and MGM.

Aquent says that because the default judgment entered against MGM has not been satisfied, Aquent seeks to enforce the Continuing Guaranty against Porath.

III.

As noted above, Porath has not responded to the motion.  A non-movant's failure to respond to a motion for summary judgment does not itself warrant a grant of summary judgment in the moving party's favor. Federal Rule of Civil Procedure 56(e)(2) provides:

> When a motion for summary judgment is made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must-by affidavits or as otherwise provided in this rule-set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, <u>if appropriate</u>, shall be entered against that party.

(emphasis added).  The last line of Rule 56(e)(2) makes clear it does not alter the summary judgment standard expressed in Rule 56(c).  "A party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant." <u>Smith v. Hudson</u>, 600 F.2d 60, 64 (6th Cir.1979) (citing <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)).  Put simply, the non-movant's failure to respond does not relieve the movant of its burden to establish that "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also <u>Scipio v. Sony Music Entm't, Inc.</u>, 173 F. App'x 385, 393 (6th Cir. 2006). As such, Porath's non-response-standing alone-is not determinative of whether summary judgment is appropriate.  Rather, the record must be examined to determine whether a liability finding against Porath is appropriate.

IV.

Under Michigan law, the elements of a breach of contract claim are: (1) a contract exists between the parties; (2) the terms of the contract require performance of certain actions; (3) at least one of the parties breached the contract; and (4) that the breach of the contract caused the other party injury. Webster v. Edward D. Jones & Co., 197 F.3d 815, 819 (6th Cir. 1999). Assignees stand in the shoes of assignors in terms of the rights/responsibilities enumerated in the contract. First of America Bank v. Thompson, 217 Mich. App. 581, 587 (1996). A personal guaranty obligates the guarantor to perform the requirements of the contract in the event the original party to the contract defaults. Mortgage & Contract Co. v. Linenberg, 260 Mich. 142, 147 (1932). See also GreatAmerica Leasing Corp. v. Titan Recycling, Inc., No. 01-72387, 2002 WL 482537 (E.D. Mich. Mar. 11, 2002). "A personal guaranty obligates the guarantor to perform the requirements of the contract in the event the original party to the contract defaults." Id.

Here, Porath executed a valid and unconditional guaranty of MGM's obligations. MGM defaulted on its obligation to BFA. Aquent, by virtue of the assignment from BFA to Aquent, is entitled to collect on MGM's obligation. Therefore, even when viewed in a light most favorable to the non-moving party, the available facts establish that no genuine issue of material fact exists as to Porath's guarantee of MGM's debts under the Continuing Guaranty. As such, Aquent is entitled to summary judgment against Porath.

V.

Aquent's motion for summary judgment against Porath is GRANTED. Aquent shall file a proposed judgment within ten (10) days in favor of Aquent and against Porath. This case is CLOSED.

SO ORDERED.

                                      S/Avern Cohn
                                      AVERN COHN
                                      UNITED STATES DISTRICT JUDGE

Dated: April 13, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 13, 2011, by electronic and/or ordinary mail.

                                      S/Julie Owens
                                      Case Manager, (313) 234-5160